IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-577-CR




CHARLIE SCOTT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 092-1212, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault. Tex. Penal Code Ann.
§ 22.021 (West 1989). The district court assessed punishment, enhanced by a previous felony
conviction, at imprisonment for life.

 At approximately 1:45 a.m. on the morning in question, a man broke into the
complainant's apartment and sexually assaulted her at knifepoint. After the assault, the man
remained in the apartment and talked to the complainant. Among other things, he told her that
he had recently been released from prison, the Eastham unit, where he had been incarcerated for
another sexual assault. Using this information, police assembled a group of photographs of recent
parolees who had been convicted for sexual assaults, from which the victim identified appellant.

 In his second point of error, appellant contends the court erred by permitting a
police officer to testify that he showed the complainant photographs of men on parole for sex
offenses. Appellant's objection to this testimony was sustained, and an instruction to disregard
was given at his request. Appellant sought no further relief. Because he suffered no adverse
ruling, nothing is presented for review. Tex. R. App. P. 52(a). Point of error two is overruled.

 In point of error one, appellant urges that the court should not have permitted the
victim to testify that appellant told her that he had been in prison for rape and had recently been
released. In point of error three, appellant complains of similar testimony from his parole officer. 
Appellant concedes that this testimony was relevant, but argues that the probative value of the
testimony was substantially outweighed by the danger of unfair prejudice. Tex. R. Crim. Evid.
403. 

 The assailant's statements to the complainant describing his previous conviction,
his place of imprisonment, and his recent release, and the parole officer's testimony confirming
that appellant fit this description, obviously served to identify appellant as the assailant. Tex. R.
Crim. Evid. 401, 404(b). Rule 403 favors admission of relevant evidence, and the presumption
is that relevant evidence will be more probative than prejudicial. Montgomery v. State, 810
S.W.2d 372, 389 (Tex. Crim. App. 1991) (opinion on rehearing). In reviewing the trial court's
decision to admit evidence, this Court must determine whether that court abused its discretion by
determining that the probative value of the evidence was not substantially outweighed by the
danger of unfair prejudice to the accused. Id. at 391.

 Appellant, having conceded that the challenged testimony was relevant to identity,
nevertheless argues that identity was not an issue in this cause. We disagree. Following his
arrest, appellant told the police that he had been with friends at the time of the assault. When the
challenged testimony was offered and admitted during the State's case in chief, the only apparent
issue at trial was appellant's identity as the assailant. After the State rested, however, appellant
testified that he met the complainant about one week before the assault and, during their
subsequent conversation, told her about his criminal past. According to appellant, he had
consensual sexual intercourse with the complainant at a motel on two occasions, the last being
several hours before the assault occurred. Appellant denied sexually assaulting the complainant
and said he was never in her apartment.

 Even if we agreed that a defendant's self-serving testimony could retroactively
render challenged evidence inadmissible, appellant's testimony did not do so in this cause. 
Appellant did not admit the act of sexual intercourse that was the basis for this prosecution. Thus,
the identity of the assailant remained an issue for the jury to resolve. At most, appellant's
testimony merely raised the alternate defense that the sexual assault did not take place. 

 Telling the jurors at the guilt stage that appellant had previously been convicted for
sexual assault carried the risk that they would consider this fact as improper "character
conformity" evidence. Nevertheless, considering the various factors discussed in Montgomery,
we conclude that the district court did not abuse its discretion by determining that the possibility
of unfair prejudice did not substantially outweigh the probative value of the testimony. Points of
error one and three are overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: June 30, 1993

[Do Not Publish]